IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:

                    Chapter 13
                    Case No:  18-30682-JPS

Robert Shane Blocker
Dorothy Eunice Boardman-Blocker
    Debtors

DEBTORS' AMENDED CHAPTER 13 PLAN

The debtor, under the authority of Section 1323 of the Bankruptcy Code, files this amended plan and respectfully shows:

1.

Debtors hereby withdraw their previously filed plan and substitutes in lieu thereof a new plan to change Sections 2.1, 2.2, 3.2, 5.1(b), 5.2(a) and 5.2(b).  A copy of the new plan is attached.

2.

After notice and opportunity for objections, the new plan should become the debtor's plan.

WHEREFORE, the debtors pray that this amended Chapter 13 plan be approved.

                    /s/ Chris R. Morgan
                    Chris R. Morgan
                    Attorney for Debtors
                    State Bar No:  522102
                    1090-C Founders Blvd
                    Athens, GA 30606
                    (706)548-7070
                    (706)613-2089 (fax)
                    Email: chrismgn@bellsouth.net

CERTIFICATE OF SERVICE

I hereby certify that the following parties listed on the attached Mailing Matrix have been served with the attached Notice and Amended Plan. Those not served by electronic means by the Court's electronic filing system have been served by U.S. Mail, properly addressed and with sufficient postage to insure delivery and on the Trustee by ECF.

This   15th   day of        May        , 2019.

/s/ Chris R. Morgan
Chris R. Morgan
Attorney for Debtors
State Bar No: 522102
1090-C Founders Blvd
Athens, GA 30606
(706)548-7070
(706)613-2089 (fax)
Email: chrismgn@bellsouth.net

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY CASE |
| | : | |
| ROBERT SHANE BLOCKER | : | NO: 18-30682-JPS |
| DOROTHY EUNICE BOARDMAN-BLOCKER | : | |
| Debtor(s) | : | CHAPTER 13 PROCEEDING |

NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION
*WITH RESCHEDULED CONFIRMATION DATE*

ROBERT SHANE BLOCKER AND DOROTHY EUNICE BOARDMAN-BLOCKER, DEBTORS IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTORS' CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.  You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.**

**The original confirmation was scheduled for May 29, 2019.**  If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response no later than 7 days before the date set for the rescheduled confirmation hearing noted below **and attend the rescheduled confirmation hearing.** The objection or response should be sent to:

> Clerk, U. S. Bankruptcy Court
> Middle District of Georgia
> P. O. Box 1957
> Macon, Georgia 31202
> 478-752-3506

The *rescheduled* confirmation hearing shall be held on:

**June 26,  2019 at 10:30 a.m.**
**U.S. Courtroom - Athens, U.S. Post Office Building, 115 E. Hancock Avenue, Athens, GA 30601.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the debtor and trustee.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(A).

Dated this    5/15/2019

/s/ Chris R. Morgan
Chris R. Morgan
Attorney for Debtors
State Bar No: 522102
1090-C Founders Blvd
Athens, GA 30606
(706)548-7070
(706)613-2089 (fax)
Email: chrismgn@bellsouth.net

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR        *      Chapter 13
Robert Shane Blocker        *      Case No. 18-30682-jps
Dorothy Boardman Blocker

**X** Check if this is a modified plan and list below the sections of the plan that have been changed.
**Sections: 2.1, 2.2, 3.2, 5.1(b), 5.2(a) and 5.2(b)**

### CHAPTER 13 PLAN
### MIDDLE DISTRICT OF GEORGIA
### (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| | | | |
|---|---|---|---|
| 1.1. | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
| 1.2. | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | X Included | ☐ Not Included |
| 1.3. | **Nonstandard Provisions:** The plan sets out **Nonstandard Provisions in Part 6.** | X Included | ☐ Not Included |

GAMB Form 113 Word Format 12/1/18

**1. 4 Income status of debtor(s) as stated on Official form 122-C1**

**Check One**:

**X** The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

**Part 2:  Plan Payments and Length of Plan**

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of $950.00 bi-weekly (If the payments change over time include the following.) These plan payments change to $_____ weekly/bi-weekly/semi-monthly/monthly on _____, 20____.

2.2. **Additional Payments:** None

2.3. **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3:  Treatment of Secured Claims**

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| Di-Tech Financial | September 2018 | $1390.15 | **X** |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |

3.2.  **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| Di-Tech Financial | $10,950.53 | -0- | Home and 10 acres | N/A |
|  |  |  |  |  |

3.3.  **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| None |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

3.4.  **Preconfirmation Adequate Protection Payments:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | MONTHLY ADEQUATE PROTECTION AMOUNT |
|---|---|
| None |  |
|  |  |
|  |  |

3.5.  **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| None |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

GAMB Form 113 Word Format 12/1/18

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. Upon confirmation of this plan, the stay under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
| --- | --- |
| None | |
| | |

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
| --- | --- |
| Progressive Leasing | King Mattress Set |
| | |
| | |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4: Treatment of Fees and Priority Claims**

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3250.00 to be paid as follows: **(SELECT ONE)**

X Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.

☐ Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2. **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3. **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
| --- | --- |
| None | |
| | |

4.4. **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

GAMB Form 113 Word Format 12/1/18

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1.    **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of $0 to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $15,763.00. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $N/A to the general unsecured creditors to be distributed pro rata.

5.2.    **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) ____% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of 9%, but will also pay the highest amount shown in paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3.    **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| None | | |
| | | |

5.4.    **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| Progressive Leasing | King Mattress Set |
| | |
| | |

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

(a) Notwithstanding the date of filing of any proof of claim or its classification in the Schedules, all objections to proofs of claim shall be reserved and can be pursued after confirmation of the plan.

(b) In the absence of objection and court order, any arrearage amount proposed to be cured under paragraph 3.2 above shall be controlled by the proof of claim rather than the estimated amount specified in the plan.

(c) Debts secured by collateral being surrendered pursuant to paragraph 3.6 shall be treated as unsecured and paid 0%, unless, within 120 days after confirmation of the plan, the creditor, pursuant to LBR 4001-1(c), notifies the Chapter 13 Trustee in writing, by amending its timely filed proof of claim, that it believes it is entitled to payment under the plan, and the creditor furnishes to the Trustee an accounting of all proceeds, if any, received from the sale of the collateral. If the creditor provides the required notice and accounting, the claim will be treated as a general unsecured claim as provided in paragraph 5.2.

(d) Arreareages on executory contracts assumed pursuant to paragraph 5.4 are to be cured through the plan as follows:

| Creditor | Monthly payment |
|---|---|
| None | |
| | |
| | |

(e) The liens of the following creditors on the personal property of the debtor(s) are non-purchase money, non-possessory, or judicial liens which impair exemptions to which the debtor(s) are entitled. There is no excess equity in any of the items that is not otherwise exemptible. The fixing of said liens is avoided upon confirmation of the plan pursuant to 11 U.S.C. § 522(f): None

**(f) Second mortgage owed to Real Time Resolution shall be treated as a general unsecured debt and discharged upon completion of the plan.**

GAMB Form 113 Word Format 12/1/18

**Part 7: Signatures**

---

7.1.  **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official Form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions**.


/s/ Robert Shane Blocker                Date May 15, 2019
Signature of debtor                              MM/DD/YYYY
Robert Shane Blocker
Debtor

/s/ Dorothy E. Boardman-Blocker         Date May 15, 2019
Signature of debtor                              MM/DD/YYYY
Dorothy Eunice Boardman-Blocker
Debtor


Debtor's(s') Attorney


/s/Chris R. Morgan                      Date May 15, 2019
Signature of debtor's(s') attorney               MM/DD/YYYY
Chris R. Morgan
State Bar No: 522102
Attorney for Debtors

```
Athens Orthopedic Clinic
c/o KeyMed Data Services
P.O. Box 102607
Atlanta, GA 30368

Athens Pulmonary Sleep Management
c/o Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439

Athens Radiology Assoc.
c/o Collection Services of Athens
P.O. Box 8048
Athens, GA 30603

Athens Regional Health Services
c/o HSI
P.O. Box 723537
Atlanta, GA 31139-0537

Athens Regional Specialty Svcs
c/o CBA Macon
420 College Street
Macon, GA 31201

Budget Truck
c/o Joseph Mann & Creed
8948 Canyon Falls Blvd
Suite 200
Twinsburg, OH 44087

Car Care One/SYNCB/Pep Boys
P.O. Box 965036
Orlando, FL 32896

Comenity Bank
c/o Portfolio Recovery Associates
120 Corporate Blvd
Ste 100
Norfolk, VA 23502

Comenity Capital Bank/World Financial
c/o Portfolio Recovery Assoc
140 Corporate Blvd
Norfolk, VA 23502

Ditech Financial
P.O. Box 6172
Rapid City, MN 55709

Ditech Financial
c/o RAS Crane, LLC
10700 Abbott's Bridge Road
Suite 170
Duluth, GA 30097
```

```
Kay Jewelers
P.O. Box 4485
Beaverton, OR 97076

Navient
P.O. Box 9500
Wilkes Barre, PA 18773

Piedmont Athens Regional
c/o Medical Revenue Service
P.O. Box 1940
Melbourne, FL 32902-1940

Piedmont Athens Regional
P.O. Box 2445
Columbus, GA 31902

Progressive Leasing
256 Data Drive
Draper, UT 84020

Real Time Resolutions
1349 Empire Central Drive
Suite 150
Dallas, TX 75247-4029

Six Flags Over Georgia MOB
c/o Midwest Recovery Systems
2747 W. Clay Street
Suite A
Saint Charles, MO 63301

St. Mary's Health Care
P.O. Box 531873
Atlanta, GA 30353-1873

Ulta/Comenity Capital
P.O. Box 182120
Columbus, OH 43218-2120

US Department of Education
Student Loan/Debt Coll Svc
400 Maryland Ave, SW
5th Floor, Room 512 (ROB-3 Bldg)
Washington, DC 20202
```